In the United States Bankruptcy Court
For the Southern District of Texas
Houston Division

_____
                                §
**In RE:**                      §
                                §   Case No  09-30053-11
**Palomino Group, LLC**         §
                                §       Chapter 11
_____ §

### DEBTOR'S MOTION TO TRANSFER PROPERTY SUBJECT TO OUTSTANDING LIENS AND ENCUMBRANCES

**THIS IS A MOTION TO TRANSFER PROPERTY OF THE ESTATE WITH ALL LEINS AND ENCUMBRANCES TO BE ASSUMED BY THE TRANSFEREE WITHOUT OTHER COMPENSATION TO BE RECEIVED BYTHE DEBTOR. IF YOU OBJECT TO THIS TRANSFER YOU MUSTFOLE A RESPONSE TO THIS MOTION WITHIN TWENTY DAYS OF THIS MOTION AND REQUEST THAT A HEARING BE HELD.**

**To said Honorable Court:**

Comes now Palomino Group, LLC debtor and debtor-in-possession ("the Debtor") by and through its undersigned attorney, and files this Debtor's Motion to Transfer Property of the Estate subject to liens and encumbrances and would show unto the Court the following:

### JURISDICTION AND VENUE

This Court has jurisdiction over this Motion pursuant to 28 U.SC. §§ 157 and 1334.Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This

matter s a core proceeding pursuant to 28 U.S.C. §157 (b)(2). The statutory predicate for the relief sought in this Motion is § 363(b) and (f) of Title 11 of the United States Code (The "Bankruptcy Code") as complemented by Rule 6004 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

## The Chapter 11 Case

2. On January 5, 2009, (the "Petition Date") the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its properties as a debtor in possession. No trustee has been appointed in the Debtor's chapter 11 case. No creditor's committee has been appointed.

## The Debtor and Its Business Operations

## The Debtor's Formation and Business

3. The Debtor was created on June 14, 2005, as a Texas Limited :Liability Company to act as a Homebuilder. The Debtor has built homes under contract for third parties and as a builder of homes to be sold to third parties. Most if not all of Debtor's operations are in Harris and surrounding counties.

4. The Debtor presently owns two Townhome building sites in Harris County, Texas. The two Townhome lots are the subject of this motion... The Debtor is indebted to Houston Community Bank for $94,600.00 for the funds used to purchase the lots and to clear the property for development. There no structures on the properties. The properties are identified as 25206 London Town Drive also known as Lot 38, Block 3,

Section 2 of the Preserve subdivision in Harris County, Texas and 25207 London Town Drive, also known as Lot 11, Block 7, Section 2 of The Preserve Subdivision of Harris County, Texas, both in Spring, Harris County, Texas.

5. The Debtor has previously conveyed its Waller County Properties to Houston Oaks Venture, L P and its principals, Steven D. Alvis and Marci Alvis pursuant to an Order of this Court dated February 25, 2009:

6. The two London Townhome properties are the only properties that make up the Debtor's inventory... The Debtor acquired these properties for the purposes of building speculative homes on the properties: ands then selling the completed homes for a profit. Market conditions have brought about a situation where Debtor has no equity in the properties and in fact the properties in their present condition do not have sufficient market value to pay all the monies owed against the properties. The Debtor does not now have the money nor the borrowing power to generate money to build homes on the lots that can be sold at a profit on the investment.

7. The properties are earning no money for Debtor as inventory. Interest is accumulating on the Purchase money liens. Debtor is unable to inject more money into the properties and the properties cannot be sold without further improvements. The Debtor has been made an offer by XIRA Partners, LLC, to accept an assignment of the lots subject to all liens and encumbrances against same. To accept this offer .will be a positive benefit to the estate as it will bring an end to ongoing charges of interest on borrowed money, ongoing property taxes and insurance.

**APPLICABLE AUTHORITY FOR RELIEF REQUESTED**

8. Section 363(b) of the Bankruptcy Code provides that a Debtor in Possession "may use, sell, or lease, other than in the ordinary course of business, property of the estate". Section 361 of the Bankruptcy Code provides that a debtor in possession may sell property under section 363(b) free and clear of any interest in such property of an entity other than the estate upon certain conditions. See 11 U.S.C. §363(f).

9. Neither of the subject properties are necessary for the Debtor's business nor an integral component of the Debtor's Reorganization strategy, So long as the Debtor continues to own the parcels, the Debtor incurs obligations for property taxes, insurance, interest on borrowed money, and maintenance costs. In addition, as the landowner, the Debtor is subject to potential lawsuits for any future injuries or damages suffered on these properties. By disposing of these parcels, the Debtor will eliminate these post petition expenses as well as its exposure to claims for premises liability. Accordingly, in the interests of its sound business judgment, the Debtor believes that the sale of these to parcels to XIRA Partners, LLC, on the terms set out herein is in the best interest of the Debtor, its estate, and its creditors.

10. Wherefore, Premises considered, Debtor prays that the court enter an order authorizing Debtor to convey the subject properties to XIRA Partners, LLC subject to all liens and encumbrances against same

Respectfully submitted,

/s/  O. Otis Bakke

        O. Otis Bakke
        Attorney at Law
        1272 Handkerchief Way
        Haslet, Texas 76052
        (817) 437-1729 Telephone
        (817) 439-1322 Facsimile

### Certificate of Service

I, O. Otis Bakke do certify that a true and correct copy of the above and foregoing

Motion to Transfer Property has on the 21th day of March, 2009 been transmitted either

by First Class U S Mail or by electronic transfer to the following:

Office of the United States Trustee
Southern District of Texas – Region 7
515 Rusk, Suite 3516
Houston, Texas 77002


And to all other parties listed on the Debtor's Mailing Matrix

        _____

        O. Otis Bakke